UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GAMALIEL NAJERA, | ) | 1:06-cv-00336-AWI-TAG-HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION FOR |
| | ) | RECONSIDERATION OF ORDER DENYING |
| v. | ) | APPOINTMENT OF COUNSEL |
| | ) | (Doc. 14) |
| A. SCRIVNER, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On March 27, 2006, this case was transferred to this Court from the United States District Court for the Central District of California. (Doc. 1). On April 28, 2006, the Court received several documents from Petitioner written in Spanish. (Docs. 5 & 6). On May 22, 2006, the Court issued an order disregarding those documents and explaining to Petitioner that all filings in this Court must be written in English and that no funds were available to translate documents submitted to the Court in Spanish. (Doc. 7). On July 27, 2006, Petitioner filed a motion for appointment of counsel. (Doc. 12). The Court denied that motion on August 23, 2006. (Doc. 13). On September 20, 2006, Petitioner filed the instant motion for reconsideration of the Court's denial of appointed counsel, arguing that he does not speak Spanish and therefore needs an attorney to assist him in litigating this case. (Doc. 14).

As the Court indicating in its order of August 23, 2006, there currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.) (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.) (1984). Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Rules Governing Section 2254 Cases.

///

In the present case, Petitioner requests counsel because he does not speak English and because he is not versed in legal matters. (Doc. 12). The Court noted in its prior order denying counsel that Petitioner had filed his motion in English. Petitioner explained in the instant motion for reconsideration that he is only able to submit documents in English with the assistance of other inmates. This, however, is not an <u>unusual</u> situation that implicates the "interests of justice." While it would be preferable if all inmates were well-versed in English and in legal matters, the practical reality is that the current state inmate population consists largely of individuals who have little or no legal background and are often unable to write or speak English with either ease or precision.

Thus, Petitioner's circumstances, far from being unique, are more the norm than the exception. If Petitioner wishes to proceed with his case, he is obliged to continue seeking the assistance of others who can ensure that all documents are submitted in English and comply with the Court's orders and local rules. There are no funds available for appointing counsel solely to translate legal issues from Spanish into English.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for reconsideration of the Court's order denying appointment of counsel (Doc. 14), is DENIED.

IT IS SO ORDERED.

Dated:  **August 9, 2007**                               **/s/ Theresa A. Goldner**
                                                   UNITED STATES MAGISTRATE JUDGE