# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAMALIEL NAJERA, | 1:06-cv-00336-AWI-TAG HC |
| Petitioner, | ORDER TO AMEND PETITION (Doc. 1) |
| v. | ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK FORM PETITION |
| A. SCRIVNER, | |
| Respondent. | ORDER REQUIRING AMENDED PETITION TO BE FILED WITHIN 30 DAYS |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The instant petition was filed in the United States District Court for the Central District of California on February 14, 2006 (Doc. 1-1) and transferred to the United States District Court for the Eastern District of California on March 27, 2006 (Doc. 1-5). The petition alleges that Petitioner was convicted in the Fresno County Superior Court on October 3, 2003, on charges related to possession and transportation of controlled substances, and that he was sentenced to a term of twenty-five years to life. (Doc. 1, p. 2).

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990).

1  Otherwise, the Court will order respondent to respond to the petition.  Rule 5 of the Rules
2  governing § 2254 Cases.
3       A federal court may only grant a petition for writ of habeas corpus if a petitioner can
4  show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254 (a).  A
5  petition for writ of habeas corpus must therefore specify the grounds for relief.  Rule 2(c) of the
6  Rules Governing Section 2254 Cases.  The petition must also allege the facts surrounding the
7  petitioner's incarceration.  28 U.S.C. § 2242.  The petitioner must make specific factual
8  allegations that would entitle him to habeas corpus relief if they are true.  <u>O'Bremski v. Maass</u>,
9  915 F.2d 418, 420 (9th Cir. 1990); <u>United States v. Poopola</u>, 881 F.2d 811, 812 (9th Cir. 1989).
10      In addition, a petition presented in *pro se* must be upon the form approved by the court.
11  Rule 2 of the Rules Governing Section 2254 Cases; Local Rule 81-190.  This rule ensures that all
12  information needed is before the court.  **<u>Each ground for relief must be clearly stated and</u>**
13  **<u>allege what federal constitutional violation has occurred, along with providing facts that</u>**
14  **<u>support the grounds for relief.  If a petition contains no grounds entitling the petitioner to</u>**
15  **<u>habeas corpus relief, the court must dismiss the petition</u>**.  Rule 4 of the Rules Governing
16  Section 2254 Cases.
17      Filing an incomplete form petition is inadequate, and requires the Court to expend
18  considerable time and resources attempting to determine which claims petitioner seeks to raise
19  before this Court.  It is unreasonable to expect the Court to take on such a task when the
20  responsibility to inform the Court lies solely with Petitioner.[1]  The proper use of the form petition
21  results in administrative convenience of benefit to both Petitioner and the Court.
22      Here, Petitioner has filed a form petition that is incomplete.   Petitioner has left blank the
23  **<u>entire</u>** portion of the form petition in which he is supposed to list all of the grounds for habeas
24  relief.  Instead, Petitioner has indicated "N/A," apparently meaning "not applicable."  As the
25  petition presently stands, it contains no claims.  Without stating federal claims, the Court has no
26  jurisdiction to consider the petition. Thus, Petitioner must file an amended petition in which he
27
28      [1]Petitioners are not precluded from submitting attachments or exhibits to the petition, however, the Court will not determine a petitioner's claims for him based solely on his attachments.

has properly filled out the <u>entire</u> form petition, including the portion of the form in which he explains his claims for relief.

     Accordingly, it is HEREBY ORDERED:

1. Petitioner SHALL AMEND THE PETITION to state the grounds raised at each court, as well as the grounds he is raising in this petition, as well as the date each court ruled on all claims by filling out the form petition **in its entirety** within thirty (30) days of the date of service of this order.  The amended petition should be clearly and boldly titled "AMENDED PETITION," contain the appropriate case number, and be an original **signed under penalty of perjury**.  Petitioner should also note that every pleading to which an amendment is permitted **must be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading**.  Local Rule 15-220.
2. The Clerk of Court is DIRECTED to send Petitioner a blank form petition for state prisoners filing pursuant to § 2254.

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated: **December 7, 2007**                        /s/ Theresa A. Goldner
                                                               UNITED STATES MAGISTRATE JUDGE