```
                                UNITED STATES DISTRICT COURT

                               SOUTHERN DISTRICT OF CALIFORNIA

GAMALIEL NAJERA,                    )    Civil No.06cv00336 JAH (TAG)
                                    )
              Plaintiff,            )    ORDER DENYING PETITION FOR
v.                                  )    WRIT OF HABEAS CORPUS
                                    )
A.SCRIVNER, Warden                  )
                                    )
              Defendants.           )
                                    )
```

Petitioner Gamaliel Najera ("Petitioner"), a state prisoner proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his incarceration at Corcoran State Penetentiary pursuant to a judgment of the Fresno County Superior Court in Case No. F03100218-7. A jury convicted Petitioner of two crimes: 1) bringing drugs into a prison and 2) transportation of drugs. Petitioner asserts his due process and witness confrontation rights were violated through the admission of hearsay statements. Respondent filed an answer. Petitioner did not file a response. After careful consideration of the record, the parties' arguments, and pertinent legal authority, the petition for writ of habeas corpus is **DENIED.**

///

///

///

///

## **BACKGROUND**

Petitioner was convicted by a jury of bringing drugs into a prison (Cal. Penal Code § 4573) and transportation of drugs (Cal. Health & Safety Code § 11352(a)). Petitioner was convicted of being involved in a scheme by which drugs were sent to prisoners at the behest of another prisoner ("Barajas"). Barajas' wife ("Mrs. Barajas") sent "quarterly packages" to specific prisoners at the behest of Barajas. Barajas gave Petitioner's name and mailing information to his wife on the telephone. Mrs. Barajas mailed Petitioner a package containing narcotics. The package was intercepted and returned to Mrs. Barajas, who attempted to resend the package to Petitioner.

Petitioner was found to have fourteen prior "strike" convictions under California's "Three Strikes" law (Cal. Penal Code §§ 667(c)-(j), 1170.12(a)-(c)), and sentenced petitioner to twenty-five (25) years to life in state prison.. Petitioner appealed to the California Court of Appeal, Fifth Appellate District, case number F044356. The Fifth District Court of Appeal affirmed Petitioner's conviction and sentence. Petitioner filed a petition for rehearing in the California Court of Appeal, which that court denied. Petitioner then filed a petition for review with the California Supreme Court, case number S131624, which that court summarily denied on March 30, 2005.

## DISCUSSION

**A. Legal Standards**

    **1.    28 U.S.C. § 2254 Habeas Review**

"The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground he is in custody in violation of the Consitution or laws or treaties of the United States" 28 U.S.C. § 2254(a) Only errors of federal law can support federal intervention in state court proceedings, and only to correct such errors. <u>Oxborrow v. Eikenberry,</u> 887 F.2d 1395, 1400 (9th Cir. 1989) (federal courts are not concerned with errors of state law unless they rise to the level of a constitutional violation.) Federal habeas courts are bound by the state's interpretation of its own law. <u>Himes v. Thompson</u>, 336 F.3d 848, 852 (9th Cir. 2003) : <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991) (federal courts may not reexamine state court determinations on state law issues).

Federal courts liberally construe pro se pleadings. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519 (1972) (stating that pleadings of pro se litigants should be held to less stringent standards than those drafted

by lawyers); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (stating that courts must ensure that pro se litigants do not lose the right to a hearing on the merits of their claim due to ignorance of technical procedural requirements).

The habeas petition of any person in state custody filed in federal court after April 24, 1996 is decided under the provisions of the Antiterroism and Effective Death Penalty Act of 1996 ("AEDPA"). See Lindh v. Murphy, 521 U.S. 320, 327 (1997). The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States: or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (West 2006).

"[C]learly established Federal law . . . 'refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision.'" Cary v. Musladin, 549 U.S. 70, 74 (2006) quoting Williams v. Taylor, 529 U.S. 362, 412 (2000); see also Lockyer v. Andrade, 538 U.S. 63, 73-76 (2003).

> As we stated in Williams, § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S. at 404-405 . . . The focus of the [unreasonable application] inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams that an unreasonable application is different from an incorrect one. Id., at 409-410 . . . See also id., at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

Bell v. Cone, 535 U.S. 685, 694 (2002), quoting Williams, 529 U.S. 362; see Weighall v. Middle, 215 F.3d 1058, 1062 (9th Cir. 2000) (finding that "unreasonable application" requires a finding the state court's decision was "clearly erroneous").

"AEDPA establishes a 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" Womack v. Del Papa, 497 F.

3d 998, 1001 (9th Cir. 2007), cert. den. sub nom Womack v. McDaniel, -- U.S. –, 128 S.Ct. 928 (U.S. Jan 7, 2008), quoting Woodford v. Visciotti, 537 U.S. 19, 24 (2002). Federal courts defer to a state court's determination that error was harmless unless that determination was "objectively unreasonable," "contrary to," or "involve[d] an unreasonable application of" Supreme Court precedent. Mitchell v. Esparza, 540 U.S. 12, 18-19 (2003), citing 28 U.S.C. § 2254(d)(1). Federal courts must presume the correctness of a state court's determination of a factual issue. The petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 22 U.S.C. § 2254(a)(1).

Denial of a habeas petition by the California Supreme Court "without comment or citation constitute[s] a decision on the merits of the federal claims," and "such claims [are] subject to review in federal habeas proceedings." Hunter v. Aispuro, 982 F.2d 344, 347-48 (9th Cir. 1992). Where there is no reasoned decision from the state's highest court, the federal court "looks through" to the rationale of the highest court that has issued a reasoned decision. Ylst v. Nunnemaker, 501 U.S. 797, 803 ("where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding the judgment or rejecting the same claim rest upon the same ground"); Campbell v. Rice, 408 F.3d 1166, 1170 (9th Cir. 2005) ("When applying these standards, we review the 'last reasoned decision' by a state court"), citing Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).

In the instant case, the California Court of Appeal issued the last reasoned decision on the merits of Petitioner's federal claim. Lodg. 4. As such, this Court will review whether the California Court of Appeal's analysis of Petitioner's claims involved an unreasonable application of Supreme Court precedent or unreasonable determination of facts. 28 U.S.C. § 2244(d)(1).

**B. Analysis**

    **1. The California Appellate Court's Determination That the Admission of Mrs. Barajas' Statement was Harmless Error was Not Objectively Unreasonable, Contrary to, or an Unreasonable Application of Supreme Court Precedent.**

Petitioner contends that the trial court's admission of Mrs. Barajas' statement was prejudicial error that contributed to his conviction. Petition at 17-19. Petitioner does not cite any authority showing that the California Court of Appeals erred in its determination that the admission was harmless error. See Petition. Respondent concedes that the admission of Mrs. Barajas' statement was error, but contends that it was harmless, and that the California Court of Appeal's finding of

harmlessness was not "objectively unreasonable". Ans. at 12.

For an error to pass constitutional muster, it must be harmless. Chapman v. California, 386 U.S. 18, 24 (1967) In Chapman, the United States Supreme Court held that a trial court error does not violate a person's Constitutional rights if the court finds the error is harmless beyond a reasonable doubt. Id. Error is harmless when it is "unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record." Yates v. Evatt, 500 U.S. 391, 403 (1991), disapproved on other grounds in Estelle v. McGuire, 502 U.S. 62, 73, n. 4 (1991).

The California Court of Appeals determined that the admission of Mrs. Barajas' statement was an error, but that the error was harmless. Lodg. 4 (Unpublished opinion, filed on January 19, 2005 in the Fifth Appellate District Court of Appeal, case number F044356). The testimony at issue is as follows:

> Officer Brown. . . testified that he spoke to Mrs. Barajas following the search of her residence. According to Officer Brown, Mrs. Barajas stated she had sent a package to the prison addressed to someone other than Barajas [her husband]. Mrs. Barajas told Officer Brown that narcotics were concealed in the deodorant containers, and that she received money orders in return.

Id.

The California Court of Appeal analyzed the admission of Mrs. Barajas' statement under the Chapman standard of review, finding the error to be harmless beyond a reasonable doubt. Lodg. 4. This was the correct test to apply in analyzing the error. Further, the California Court of Appeal correctly adopted the definition from Yates for harmless error as "unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record." Lodg. 4 citing Yates v. Evatt, 500 U.S. at 403 (1991).

During Petitioner's trial, the government introduced evidence of Petitioner's guilt. The evidence included telephone conversations between Barajas and Mrs. Barajas, discussing a package to be sent to Petitioner, which were captured on tape. Mrs. Barajas sent a package to Petitioner, which prison officials intercepted and returned. After prison officials informed Petitioner of the return, but before the package arrived to Mrs. Barajas, someone other than prison officials informed Barajas of the return of the package. Barajas acknowledged, in a telephone conversation to his brother, that he was aware that a package had been sent to Petitioner, and that the package had been returned. Further, Barajas instructed his brother to have Mrs. Barajas immediately resend the package. The California

Court of Appeal found that with Mrs. Barajas' statement excluded, the evidence of Petitioner's guilt was "solid and overwhelming." Lodg. 4. The state court found that because of the "overwhelming" evidence of Petitioner's guilt, the admission of Mrs. Barajas' statement did not contribute to the verdict, and was thus harmless error beyond a reasonable doubt. Id.

This Court defers to a state court's determination that error was harmless unless that determination was "objectively unreasonable", "contrary to" or "involve[d] an unreasonable application of" Supreme Court precedent. Mitchell v. Esparza, 540 U.S. 12, 14 (2004)

Here, the state court applied the law in a manner consistent with Supreme Court precedent. Additionally, the court reached a conclusion that was not objectively unreasonable.[1] See 28. U.S.C. 2254(d)(1). Accordingly, habeas relief on this ground is **DENIED**.

## **CONCLUSION**

For all the foregoing reasons, the Court finds Petitioner Najera is not in custody in violation of federal constitutional law. Accordingly, **IT IS HEREBY ORDERED** that Petitioner Najera's habeas petition is **DENIED** in its entirety.

DATED: May 5, 2009

JOHN A. HOUSTON
United States District Judge

---

[1] Petitioner identifies no authority in support of a finding to the contrary. See, Petition.